UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFNEY PHILISTIN, a.k.a,
JEFNEY PHILISTIN,

    Plaintiff,

v.                                      Case No.  5:25-cv-352-MW/MJF

ROSE MARY BEUHLER,

    Defendant,
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff violated the Local Rules by failing to disclose fully and accurately his litigation history, the District Court should dismiss this case without prejudice.

### BACKGROUND

Plaintiff is a Florida inmate currently confined at the Apalachee Correctional Institution. Plaintiff's inmate number is L42864.

Plaintiff initiated this civil action on December 5, 2025, and utilized the court-approved form for use by non-prisoners. Doc. 1. Because Plaintiff violated the Local Rules by utilizing the wrong form for his

complaint, the undersigned ordered Plaintiff to file an amended complaint on the court-approved form for prisoners. Doc. 4. The undersigned explained that the complaint form—including questions about Plaintiff's litigation history—must be completed in its entirety. *Id.* at 2. The undersigned warned Plaintiff that the failure to disclose his litigation history likely would result in dismissal of this civil action. *Id.*

Plaintiff's first amended complaint names the Atlanta Regional Commissioner of the Social Security Administration as a defendant. Plaintiff states that during his criminal prosecution, Florida identified Plaintiff by his name and social security number. Plaintiff asserts that Florida officials misspelled his name. On April 4, 2023, he sent Defendant a report asserting that the State of Florida had committed social security fraud. Plaintiff states that Defendant, in her individual and official capacity, failed to investigate or take any action with regards to Plaintiff's report of fraud.

Plaintiff purports to bring this civil action under 42 U.S.C. § 1983 for violations of his Fourth-, Fifth-, and Fourteenth-Amendment rights and under section 7 of the "Privacy Rights Act" of 1974. Because

Defendant is a federal employee and because Plaintiff is proceeding *pro se*, the undesigned has construed Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## DISCUSSION

**A.     Screening of Plaintiff's First Amended Complaint**

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit

under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

Compl. Form at 8. The form goes on to state that the inmate should "*[a]ttach additional pages as necessary to list all cases.*" *Id*. at 12.

Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.*

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff is required to complete the standardized civil-rights complaint form and to complete the form according to its instructions.

### B. <u>Plaintiff's Responses to Questions on the Complaint Form</u>

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires Plaintiff to disclose his litigation history.

The complaint form that Plaintiff utilized asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

Doc. 5 at 9–10. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Plaintiff responded, "Yes" to each question. *Id.* He disclosed that he had filed four cases with the Florida Supreme Court, two cases with the Florida District Court of Appeals, and one with the Jackson County Court. He also disclosed that he had filed the following federal cases:

- *Philistin v. Backman*, No. 14-cv-62569 (S.D. Fla.).

- *Philistin v. Cantrell*, No. 5:18-cv-166 (N.D. Fla.).

- *Philistin v. Pryor*, No. 0:25-cv-60089 (S.D. Fla.).

- *Philistin v. Hicks*, No.: 0:09-cv-60303 (S.D. Fla.).

At the end of the complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12–13. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he never filed any other case in federal court.

## C. <u>Plaintiff's Omissions</u>

The undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case on August 16, 2025, Plaintiff had filed *at least four* cases and one federal appeal that he was required to disclose on the form.

On October 31, 2014, Plaintiff filed a civil-rights case pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York against Beyoncé and Jay-Z. *Philistin v. Carter*, No. 14-cv-6476 (E.D.N.Y.). On December 10, 2014, that district court dismissed the case prior to service because Plaintiff failed to pay the filing fee. *Id.*, Order Dismissing Case, ECF No. 5. The docket in that case reflects Plaintiff's inmate number is L42864. *Id.*, Complaint, ECF No. 1

at 5. This case was responsive to Question A on the complaint form as the case was filed in federal court and dismissed prior to service.

On November 18, 2013, Plaintiff re-filed his civil-rights case against Beyoncé and Jay-Z in the United States District Court for the Southern District of Florida. *Philistin v. Carter*, No. 14-CV-24373, (S.D. Fla.). On February 2, 2015, that district court entered an amended order *sua sponte* dismissing Plaintiff's case prior to service because Plaintiff had failed to state a plausible claim under section 1983. The docket in that case reflects Plaintiff's inmate number is L42864. *Id.*, Complaint, ECF No. 1 at 5. This case was responsive to Question A on the complaint form as the case was filed in federal court, dismissed for failure to state a plausible claim for relief, and dismissed prior to service.

On May 29, 2019, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Texas against a nurse employed at the Fort Bend County Jail. *Philistin v. Emanuel*, No. 4:19-cv-1976 (S.D. Tex.). Plaintiff alleged that the relevant defendant failed to provide Plaintiff adequate medical care while he was confined at the jail. The docket in that case reflects

Plaintiff's inmate number is L42864. *Id.*, Complaint, ECF No. 1 at 3. This case was responsive to Question C on the complaint form as the case was filed in federal court and challenged the conditions of his confinement.

On January 22, 2025, Plaintiff filed a "notice of removal" of his state habeas petitions in the United States District Court for the Southern District of Florida. *Philistin v. Prior*, No. 0:25-cv-60129 (S.D. Fla.). Plaintiff subsequently filed two amended complaints. *Id.*, Amended Complaint, ECF No. 4; *Id.*, Second Amended Complaint, ECF No. 10. Plaintiff sought to challenge his conviction based on the fact that the State improperly spelled Plaintiff's Chistian name in the information and improperly identified him by disclosing his social security number. Because a plaintiff may not remove a civil action from state court to federal court, the relevant district court dismissed the notice of removal as improper, dismissed the first amended complaint as duplicative, and dismissed the second amended complaint as a successive habeas petition. *Id.*, Order of Dismissal, ECF No. 13 at 1–2. On March 17, 2025, Plaintiff filed a notice of appeal. *Id.*, Notice of Appeal ECF No. 15. On October 16, 2025, the Eleventh Circuit dismissed the appeal. *Philistin v. Pryor*, No.

25-10879 (11th Cir.). This case and appeal are attributable to Plaintiff because the docket bears his inmate number. Additionally, they are responsive to Question C of the complaint form as these were filed to challenge his conviction.

By failing to disclose these prior cases and *multiple others*, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.   The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these

compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed cases in other jurisdictions and under additional inmate numbers. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, as detailed above, Plaintiff falsely responded to a question on the complaint form and violated the Local Rules by failing to disclose his full litigation history as required by the complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all prior

federal cases that had been dismissed prior to service or that challenged the conditions of his confinement. *See* Doc. 5 at 8–10. Plaintiff also knew that the penalty for failing to disclose his federal litigation history was dismissal. *Id.* at 8; N.D. Fla. Loc. R. 41.1 (warning that the failure to follow an applicable rule is a ground for "dismiss[al] [of] a claim.").

In addition to the warnings on the complaint form, the undersigned explicitly warned Plaintiff, by separate order, that he "must answer each question on the complaint form, including the questions regarding Plaintiff's prior litigation, both honestly and completely." Doc. 4 at 1. The undersigned also warned Plaintiff that the failure to disclose all prior federal litigation likely would "result in dismissal of this civil action." *Id.*

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions are straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Plaintiff is in a superior position to know whether he filed cases and if so, in which courts he had filed those cases.

It is Plaintiff's responsibility to ensure that he has a list of his litigation history, including any cases—like *Philistin v. Carter*, No. 14-CV-24373, (S.D. Fla.)—that were dismissed for a reason that constitutes a "strike" under 1915(g). *Washington v. Dyas*, 5:22-CV-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023). If he did not have the information, he could (and should) have requested it from the appropriate clerks' offices before filing a new case. *Id.*; *see* Fed. R. Civ. P. 11(b)(3) (By signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contention have evidentiary support.") (emphasis added).

Furthermore, a claim that Plaintiff could not remember these cases would strain credulity. In the month prior to Plaintiff commencing this civil action, Plaintiff filed at least nine documents total in both his district court case *Philistin v. Prior*, No. 0:25-cv-60129 and his appeal *Philistin v. Pryor*, No. 25-10879. He, therefore, certainly knew of these cases and the relevant information that needed to be disclosed.

The District Court, therefore, should not allow Plaintiff's false responses to go unpunished. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form.

### E.     The Appropriate Sanction Is Dismissal Without Prejudice

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308 ("Dismissal without prejudice was an

appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form."); *see also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013).

An appropriate sanction for Plaintiff's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice. *McNair*, 143 F.4th at 1308.

Because Plaintiff alleges that the events giving rise to his claim occurred after April 4, 2023, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling a *Bivens* action. *See Moore v. Federal Bureau of Prisons*, 553 F. App'x 888, 890 (11th Cir. 2014) ("*Bivens* suits have the same statute of limitations as suits brought under 42 U.S.C. § 1983. And where Florida is the forum state, § 1983 plaintiffs have four years to file suit.").

The statute of limitation for a claim under section 7 of the Privacy Act is two-years. *Bils v. Tucson Police Dep't*, 229 F.3d 1156 (9th Cir. 2000) (table); 5 U.S.C. § 552(a)(5). It is unclear whether dismissal without

prejudice would effectively bar Plaintiff from bringing this claim in the near future because Plaintiff provides no facts to support such a claim.[1] Nevertheless, dismissal without prejudice remains an appropriate sanction.

Although Plaintiff is proceeding *pro se*, Plaintiff is an experienced litigator in federal court and has filed at *least* sixteen federal cases and appeals. As detailed above, the complaint form was easily understandable. Additionally, the complaint form and the undersigned's order to amend the complaint explained that *all prior* cases must be disclosed. The complaint form and the undersigned also provided a clear warning of the consequences for failing to disclose *all prior cases*. Plaintiff, however, only disclosed four of those cases in his complaint

---

[1] "Section 7 of the Privacy Act bars federal, state, or local agencies from denying any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number to the agency." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 956 (11th Cir. 2019). Plaintiff does not allege that he was denied any right, benefit, or privilege provided by law as a result of his refusal to provide his social security account number to Defendant. Thus, this claim also can be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a plausible claim for relief. *Hollis*, 782 F. App'x at 958.

despite actively litigating two of those cases. He also failed to disclose that he had incurred a strike under 28 U.S.C. § 1915(g). These facts—and others—support the finding that Plaintiff's failure to disclose these cases was not a mere mistake, but rather willful misconduct.

**F.     No lesser Sanction Would Suffice**

A sanction less than dismissal would not deter Plaintiff's conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have

known, that disclosure of the relevant prior actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice for Plaintiff's failure to comply with the Local Rules for the Northern District of Florida.

2. **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 2nd day of January 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be**

**filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**